OSCN Found Document:WITHDRAWAL AND REPLACEMENT OF RULE 12 OF THE RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WITHDRAWAL AND REPLACEMENT OF RULE 12 OF THE RULES OF STATE BD. OF EXAMINERS OF CERTIFIED COURTROOM INTERPRETERS
2017 OK 66
Decided: 09/11/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 66, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Re: Withdrawal and Replacement of Rule 12 of the Rules of the State Board of Examiners of Certified Courtroom Interpreters

CERTIFIED SIGN LANGUAGE INTERPRETERS

As set forth in the Oklahoma Legal Interpreter for the Deaf and Hard-of-Hearing Act, 63 O.S. §2407, et seq., a "qualified legal interpreter" for a deaf or hard-of-hearing individual in the Oklahoma courts shall include an interpreter who has been certified by the State Board of Examiners of Certified Courtroom Interpreters. In order to provide for such a certification process by the Board, Rule 12 of the Rules of the State Board of Examiners of Certified Courtroom Interpreters, Title 20, Chapter 23, App. II, as adopted by order of the Supreme Court, 2015 OK 2, effective January 12, 2015, is hereby withdrawn and replaced in its entirety as set forth on the attached Exhibit.

Done by order of the Oklahoma Supreme Court in conference this 11th day of September, 2017.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

EXHIBIT to SCAD 2017-43

Rule 12 of the Rules of the State Board of Examiners of Certified Courtroom Interpreters, as adopted by order of the Supreme Court, 2015 OK 2, effective January 12, 2015, is hereby withdrawn and replaced in its entirety with the following:

Rules of the State Board of Examiners of Certified Courtroom Interpreters
Title 20, Chapter 23, App. II
Rule 12 - Sign Language Interpreters

a) The Board is authorized to maintain a registry of courtroom interpreters for the deaf and hard-of-hearing. A "Certified Sign Language Interpreter" is a sign language interpreter who has satisfied the requirements set forth in this rule, and whose registration with the Board is current.

b) To become listed on the registry as a Certified Sign Language Interpreter, the candidate must:

1) Meet the general requirements for eligibility, as provided in Rule 3 above;
2) Complete an interpreter orientation training program as approved by the Board;
3) Pass the NCSC Court Interpreter Written Examination;
4) Agree in writing to be bound by the Code of Professional Responsibility for Courtroom Interpreters in Oklahoma; and
5) Prove that he or she holds at least one of the following sign language interpreting credentials from the Registry of Interpreters for the Deaf (RID): SC:L, NIC, NIC-A, NIC-M, CI, CT, NAD V, and/or CDI, or a similar credential which the Board deems appropriate for interpreting in the Oklahoma courts.

c) The applicant must prove to the satisfaction of the Board that the required sign language interpreting credential is current and in good standing with the issuing authority and is not temporary, alternative or conditional.

d) Renewal:

1) Interpreters registered as a Certified Sign Language Interpreters must renew their registration with the Board in order to confirm that their underlying sign language interpreting credential remains in good standing. The renewal process shall be prescribed by the Board, and the Board shall provide a renewal form through the office of the Administrative Director of the Courts. The amount of the renewal fee shall be set by the Board, with the approval of the Supreme Court.

2) To qualify for renewal, interpreters must prove to the satisfaction of the Board that the required sign language interpreting credential is current and in good standing, according to RID's Certification Maintenance Program or other credentialing authority's renewal requirements.

3) If the interpreter fails to provide renewal information to the satisfaction of the Board, the Board shall remove the interpreter from the registry of Certified Sign Language Interpreters. An interpreter who has been removed from the registry for longer than twenty-four (24) months shall be required to repeat the requirements in paragraph (b) above, including the orientation training and written examination, before being reinstated.

e) Satisfaction of the professional development and continuing education required to maintain the sign language interpreter's underlying RID certification or other credential shall satisfy the Oklahoma courtroom interpreter continuing education requirement.

f) A Certified Sign Language Interpreter whose registration with the Board is current shall be eligible to serve as a "qualified legal interpreter" pursuant to the Oklahoma Legal Interpreter for the Deaf and Hard-of-Hearing Act (63 O.S. §2407, et seq.) and is hereby recognized as "certified" for the purposes of 20 O.S. §1701(A) and §1703(E).

1) The court shall endeavor to obtain the services of a Certified Sign Language Interpreter prior to accepting services of an interpreter with lesser certification and skill. If a Certified Sign Language Interpreter is not available, the Court shall endeavor to obtain the services of a qualified legal interpreter with the highest available level of certification, skill and specialized training, as enumerated in 63 O.S. §2408, prior to accepting services of an interpreter with lesser certification and skill.

2) As provided in 20 O.S. §1710, only when good cause is shown and the court has determined that it would not be practical, within a reasonable time frame, to secure the services of a Certified Sign Language Interpreter, or a qualified legal interpreter as enumerated in as enumerated in 63 O.S. §2408, for a deaf or hard-of-hearing individual, then the court may utilize the services of a person who does not hold a "qualified legal interpreter" certification recognized in 63 O.S. §2408.

g) The Board may recommend that the Supreme Court remove a Certified Sign Language Interpreter from the registry if the Board, in its sole discretion, determines that such action would be in the best interest of the courts. A complaint against a Certified Sign Language Interpreter shall be conducted using the same informal procedures which apply to a complaint against a Provisional Status Interpreter, as set forth in Rule 4 of the Board's Rules Governing Disciplinary Proceedings. 20 O.S. Chap. 23, App 3.

h) The Board may recommend reinstatement of a Certified Sign Language Interpreter who has been removed from the registry pursuant to paragraph (g) above if the Board determines that such action would be in the best interest of the courts and the conditions which necessitated the interpreter's removal have been resolved. An interpreter who has been removed from the registry for longer than twenty-four (24) months shall also be required to repeat the requirements in paragraph (b) above, including the orientation training and written examination, before being reinstated.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.